UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-cv-00092-JMB ) |
| SGT. UNKNOWN HARRIS, | ) ) |
| Defendant. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Jamie Jones' application to proceed in district court without prepaying fees or costs. Having reviewed the application, the Court will grant it and waive the filing fee. Additionally, for the reasons stated below, the Court will dismiss Plaintiff's claim under 28 U.S.C. §1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed without payment of the filing fee if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally

construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Self-represented Plaintiff Jamie Jones, a civil detainee currently being held at the Metropolitan Psychiatric Center in St. Louis, Missouri, filed the instant civil rights action against Sergeant Unknown Harris of the Cape Girardeau County Sheriff's Department. He alleges that in August of 2024, he was placed in a restraint chair for approximately four days, or 96 hours, from August 17 to August 21, 2024.[1] He states this has caused him to suffer mentally. For relief, he seeks "40 consent decrees" and $200,000.

## Discussion

Plaintiff's complaint fails to state a claim upon which relief may be granted, and is subject to dismissal. First, on his complaint form, Plaintiff has checked the

---

[1] Plaintiff alleges this occurred on August 17-21, 2025, but these dates are months after Plaintiff filed his complaint. The Court will assume Plaintiff meant August 17-21, 2024.

box and affirmatively selected to sue Sgt. Harris in his official capacity only. *See Reynolds v. Cook*, 2025 WL 670428, *1 (8th Cir. Mar. 3, 2025) (distinguishing cases in which the plaintiff affirmatively selects to sue defendants in their official capacities from cases in which the plaintiff is silent as to capacity). "A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official capacity suit against an individual is really a suit against that official's government entity." *Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017). That is, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

To prevail on his official capacity claims, Plaintiff must establish Cape Girardeau County's liability for the alleged misconduct. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). This requires alleging that the constitutional violation resulted from "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Plaintiff has not alleged that any constitutional violation resulted from an official policy, unofficial custom, or a failure to train or supervise on the part of Cape Girardeau County.

Even if Plaintiff had sued Sgt. Harris in his individual capacity, his claims would still be subject to dismissal. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203,

1208 (8th Cir. 1990)). Plaintiff has not alleged Sgt. Harris put him in the restraint chair, held him in the restraint chair, or even knew that Plaintiff was in the restraint chair. Plaintiff has made no allegations against Sgt. Harris. He simply names him as a defendant in the case caption and lists him as a defendant on page 2 of his complaint. He has established no causal link between his claimed violations and Defendant's actions. Simply placing a defendant's name in the caption is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); *see also Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in the complaint, and who were not alleged to have been personally involved in the constitutional violations).

Finally, Plaintiff's complaint fails to state an actionable claim under the Prison Litigation Reform Act (PLRA) because he has alleged no physical injury. The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."). Plaintiff has not completed the section of his form complaint asking about his

injuries. *See* Doc. [1] at 4. In his statement of claim, he states only "mental suffering" as an injury. *Id.* at 3. Because Plaintiff has alleged no physical injury, the PLRA bars recovery of damages in this action.

For these reasons, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's applications to proceed in district court without prepaying fees and costs are **GRANTED**. Docs. [3] and [5]

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED** as moot. Doc. [4]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 3rd day of September, 2025.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE